544 S.E.2d 826

**In the Matter of Gregg F. JONES, Respondent.**

**No. 25270.**

Supreme Court of South Carolina.

Submitted Feb. 27, 2001.

Decided March 26, 2001.

Henry B. Richardson, Jr. and Assistant Attorney General Tracey C. Greene, both of Columbia, for the Office of Disciplinary Counsel.

Gregg F. Jones, pro se, of Williamston.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a sanction of a public reprimand or a definite suspension for up to sixty (60) days. We accept the Agreement and impose a public reprimand. The facts as admitted in the Agreement are as follows.

### Facts

Respondent was originally hired to effectuate the transfer of one-half of a marital residence from a husband to his wife, pursuant to a divorce decree. The wife was to receive full ownership of the property, and the husband was to

·continue to pay the outstanding mortgage on the residence. Respondent, as the closing attorney, represented the wife.

The residence was sold, leased, and transferred numerous times between 1994 and 1999. Respondent was the closing attorney in all of these transactions. All of the parties to these various transactions were aware that the residence was subject to an outstanding mortgage that was being paid by the husband of respondent's original client. In order to avoid putting the husband on notice that the wife had sold the residence, thereby running the risk that the husband would stop paying the mortgage payments, respondent agreed to refrain from recording any of the deeds that resulted from these transactions.

Respondent also intentionally omitted any mention of the outstanding mortgage when one of the subsequent owners of the residence retained him to assist in refinancing the residence through the U.S. Department of Housing and Urban Development.

Finally, respondent brought suit against the husband of his original client when the husband stopped making mortgage payments on the residence. Respondent prepared, and the husband signed, a consent order representing that the wife had paid the balance on the mortgage when, in fact, one of the other purchasers of the property had paid the balance owed.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Respondent has also violated the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct).

## *Conclusion*

█ Respondent acknowledges his misconduct, and has not been previously sanctioned for misconduct. We accept the Agreement for Discipline by Consent and reprimand respondent for his conduct in these matters.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.